U.S. COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| State of Texas, et al., <br><br> Petitioners, <br><br> v. <br><br> U.S. Environmental Protection Agency and Lee Zeldin, Administrator, <br><br> Respondents. | No. 25-1096 and 25-1099 |

## EPA's Unopposed Motion to Hold Case in Abeyance

EPA moves the Court to hold these consolidated cases in abeyance to allow new agency leadership to review the underlying rule. Petitioners do not oppose EPA's request.

The petitions for review challenge EPA's rule, "State Implementation Plan Submittal Deadlines and Implementation Plan Requirements for Reclassified Nonattainment Areas Under the Ozone National Ambient Air Quality Standards," 90 Fed. Reg. 67864 (Jan. 17, 2025). The rule does two things. First, it provides default deadlines for submission of state implementation plan ("SIP") revisions and implementation of the relevant control requirements that will apply for nonattainment areas reclassified as Moderate, Serious, and Severe under the

current and any future ozone National Ambient Air Quality Standards ("NAAQS") as a result of either failing to attain the standard by the applicable classification attainment date or the EPA granting a voluntary reclassification request. 90 Fed. Reg. at 5651. Second, the rule codifies which SIP revisions a State must still submit for the prior classification level for an ozone nonattainment area. *Id.*

As the Court is aware, a new administration took office on January 20, 2025. EPA needs time to brief its new leadership about this case and the underlying rule to allow them to decide what action, if any, is necessary. EPA is also briefing new leadership about many other matters. To do so in an orderly and deliberate way, EPA requests that the Court abate proceedings here.

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Abeyance is warranted here. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an

agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted)).

Courts routinely grant stays or abeyance in circumstances like those here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 1883880, 1882301),[1] *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration); Order (Doc. Nos. 1675813, 1670157), *Am. Petroleum Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017) (abating challenge to EPA's authority to regulate methane from oil and gas operations following change of administration); Order (Doc. Nos. 1673071, 1668274), *West Virginia v. EPA*, No. 15-1363 (D.C. Cir. Apr. 28, 2017) (abating challenges to Clean Power Plan rule following change of administration).

---

[1] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

Abeyance would also preserve resources of the parties and the Court. No party has filed a substantive motion or brief, so the parties have no expended significant resources to date on this litigation. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

No party would be prejudiced by the requested abeyance. Counsel for Respondents conferred with Petitioners' counsel, and Petitioners to do not oppose the relief requested. For these reasons, the Court should place this matter in abeyance.

Submitted on April 23, 2025.

<div style="margin-left:50%">

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General

*/s/ Jeffrey Hughes*
Jeffrey Hughes
U.S. Department of Justice
Environment & Natural Resources
Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
202.305.4598
jeffrey.hughes@usdoj.gov

</div>

## Certificates of Service and Compliance

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 753 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on April 23, 2025, I filed the foregoing with the Court's CMS/ECF system, which will notify each represented party.

*/s/ Jeffrey Hughes*
Jeffrey Hughes